UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CEDRIC BROWN, | ) | 1:06-CV-01815 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #11] |
| v. | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS AND DIRECTING |
| K. MENDOZA-POWERS, Warden, | ) | CLERK OF COURT TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEAL ABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 4, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On January 25, 2008, Petitioner filed objections to the Findings and Recommendation.

**FINDINGS AND RECOMMENDATIONS ON PETITION'S MERITS**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. The court finds that there is no need to modify the Findings and Recommendations based on the points raised in the objections. Petitioner has failed to show that the state courts denial of Petitioner's habeas petitions, which upheld the Parole Board's denial of parole, were "contrary to, or involved an unreasonable application of, clearly established Federal law." See 28 U.S.C. § 2254(d)(1).

The court recognizes that since the Magistrate Judge issued the Findings and Recommendations, the Ninth Circuit issued a new opinion and order, in which the Ninth Circuit granted habeas corpus relief on a petitioner's claim that the Governor violated the Constitution by denying parole. In Hayward v. Marshall, --- F.3d ----, 2008 WL 43716 (9th Cir. 2008), the Ninth Circuit affirmed the principle that "in some cases, indefinite detention based solely on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from the relevant California statutes." Hayward, 2008 WL at *7. The Ninth Circuit determined that, under the "unusual circumstances" of that case, the unchanging factor of the gravity of the petitioner's commitment offense did not constitute some evidence supporting the governor's decision to reverse a parole grant on the basis that the petitioner would pose a continuing danger to society. Hayward, 2008 WL 43716 at *8. The "unusual circumstances" present in that case included the facts that the petitioner had served twenty-seven years in prison on a sentence of fifteen years-to-life, the petitioner was sixty-four years old, the petitioner had eleven parole suitability hearings and the Board had twice recommended that the petitioner receive a parole date, former California governor Gray Davis reversed the Board's second grant of parole based on seven factors, four of which were unsupported by the record and three of which were based on unchanging circumstances, the provocation for petitioner's crime was the attempted rape of the petitioner's girlfriend (and future wife) by the victim, the petitioner had solid parole plans, and the petitioner had an exemplary prison record for most of his period of

incarceration.  Id.

The court finds that neither Hayward nor the objections provided a basis to not adopt the Findings and Recommendations.  The present case is factually distinguishable from Hayward.  Unlike the petitioner in Hayward, Petitioner's commitment offense was not the sole reason used to deny parole.  Unlike the petitioner in Hayward, there was evidence that Petitioner may pose a danger to society if he reverted to drug use.  The inconsistent evidence concerning when Petitioner had discontinued substance abuse legitimately caused the Parole Board to be concerned as to Petitioner's possible substance abuse upon release.  In addition, the petitioner in Hayward had participated in numerous self-help programs.   In this case, Parole Board cited Petitioner's failure to participate in self-help programs as a reason to deny parole.  Finally, the court does not read Hayward and the cases cited by the Ninth Circuit in Hayward and cited by Petitioner in the objections to disallow all consideration of the commitment offense.   Hayward concerns a ***repeated*** denial of parole when the ***only*** basis for the denial is the commitment offense.

The court recognizes that at some point in time the circumstances of Petitioner's commitment offense, alone, may no longer support a finding that he currently poses an unreasonable risk to public safety.  However, the court agrees with the Magistrate Judge that, at this point, some evidence supports the Parole Board's denial of parole.  Thus, the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).  The denial in this case was not unreasonable.

### CERTIFICATE OF APPEAL ABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of APPEAL ABILITY is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)    (1) Unless a circuit justice or judge issues a certificate of APPEAL ABILITY, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of APPEAL ABILITY may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of APPEAL ABILITY under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of APPEAL ABILITY "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the court finds that reasonable jurists would not find the court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the court hereby DECLINES to issue a certificate of APPEAL ABILITY.

//

//

U.S. District Court
E. D. California

4

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued December 4, 2007, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;
3. The Clerk of Court is DIRECTED to enter judgment; and
4. The Court DECLINES to issue a certificate of APPEALABILITY.

IT IS SO ORDERED.

**Dated:   February 25, 2008**                    /s/ Anthony W. Ishii
                                                  UNITED STATES DISTRICT JUDGE